# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

EDDIE AGUILERA,

    Plaintiff,

v.                                            CV No. 19-280 SMV/CG

CITY OF ALBUQUERQUE,
DAVID GONZALES, and
J. OGUINN,

    Defendants.

## ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND ALLOWING PLAINTIFF TO AMEND COMPLAINT

**THIS MATTER** comes before the Court on Plaintiff's *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983*, (Doc. 1), ("Complaint"), and on Plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 2), both filed March 28, 2019.

### Application to Proceed *in forma pauperis*

The statute for proceeding *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed. Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should

be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed. Appx. 667, 669 (10th Cir. 2008) (citing *Holmes* v. *Hardy*, 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ." See *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and stated: (i) his average monthly income amount during the past 12 months was $1,500.00; (ii) he does not expect any income next month; (iii) his monthly expenses include[1] $453.00 in alimony, maintenance, and support paid to others; and (iv) he has $1.75 in cash and a bank account. The Court grants Plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 2), because he signed an affidavit declaring that he is unable to pay the costs of these proceedings and because of his low monthly income.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized

---

[1] Plaintiff did not file the next page of the Application form with the remainder and total of his expenses.

> to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and the Complaint on Defendants at this time because Plaintiff has not provided the Court with the Defendants' addresses. The Court will order service if Plaintiff files a motion for service which includes the Defendants' addresses.

**The Complaint**

Plaintiff alleges that on October 19, 2017, Defendants Gonzales and Oguinn assaulted Plaintiff while he was handcuffed during an arrest. *See* (Doc. 1 at 2-3). Plaintiff also alleges that after the alleged assault several officers watched a video of the assault and discussed "how they would cover it up." *Id.* at 7. After Plaintiff advised the other officers "that any officer take part in any action [deemed] as a crime would be just as guilty as the officer who assaulted me, at which point the officers began to make threat[e]ning statements about my kids." *Id.*

The Complaint fails to state a claim under 42 U.S.C. § 1983 against Defendant City of Albuquerque because it does not contain any factual allegations regarding Defendant City of Albuquerque. "To hold a local government liable under § 1983, a plaintiff must prove: (1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed. Appx. 748, 753-753 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir. 1998) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). "A 'single isolated

incident' does not prove the existence of an unconstitutional policy or custom." *Id.* (citing *City of Okla. City v. Tuttle,* 471 U.S. 808, 821 (1985)).

The Court grants Plaintiff 21 days to file an amended complaint which states a claim against Defendant City of Albuquerque. Failure to timely file an amended complaint may result in dismissal of this case against the Defendant City of Albuquerque without prejudice. *See* 28 U.S.C. § 1915(e)(2)(ii) ("The court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.").

**IT IS ORDERED** that:

(i) Plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 2), filed March 28, 2019, is **GRANTED.**

(ii) Plaintiff may file an amended complaint **by April 23, 2019**.

**IT IS SO ORDERED.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE