# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EDDIE AGUILERA,

      Plaintiff,

v.                                                                                                                                                No. 2:19-cv-00280-JAP-CG

CITY OF ALBUQUERQUE,
DAVID GONZALES, and
J. OGUINN,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING CLAIMS AGAINST CITY OF ALBUQUERQUE

On April 12, 2019, Plaintiff filed his Amended Complaint (Doc. 9).

Initially, Plaintiff filed a Complaint on March 28, 2019 naming the City of Albuquerque and two individuals[1] as Defendants (Doc. 1). On April 2, 2019 Chief United States Magistrate Judge Carmen E. Garza notified Plaintiff that:

> The Complaint fails to state a claim under 42 U.S.C. § 1983 against Defendant City of Albuquerque because it does not contain any factual allegations regarding Defendant City of Albuquerque. "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-753 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. \*754 Servs.,* 436 U.S. 658, 694 (1978)). "A 'single isolated incident' does not prove the existence of an unconstitutional policy or custom." *Id.* (citing *City of Okla. City v. Tuttle,* 471 U.S. 808, 821, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)).

(Doc. 6).

---

[1] It appears from the original Complaint that the two individuals may be Albuquerque Police Department Officers. *See* Doc. 1 at 2-3.

Chief Judge Garza granted Plaintiff leave to file an amended complaint which states a claim against Defendant City of Albuquerque. Chief Judge Garza informed Plaintiff, who is proceeding *in forma pauperis*, that failure to timely file an amended complaint may result in dismissal of this case against the Defendant City of Albuquerque without prejudice. She quoted the relevant portion of the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(ii) which states: "The court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."

Plaintiff timely filed an Amended Complaint (Doc. 9). However, the Amended Complaint, construed liberally, does not contain any factual allegations that a City of Albuquerque policy or custom was the moving force behind the constitutional deprivation allegedly committed by City of Albuquerque employees. Consequently, the Court must dismiss the claims against the City of Albuquerque in accordance with 28 U.S.C. § 1915(e)(2)(ii).

**IT IS ORDERED** that Plaintiff's claims against the City of Albuquerque are **DISMISSED without prejudice.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**