**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

**EDDIE DAN AGUILERA,**

    **Plaintiff,**

**vs.**                                                **Case No. 19-CV-280-JAP-CG**

**DAVID GONZALES and
J. O'GUINN,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

On April 12, 2019, pro se Plaintiff Eddie Aguilera (Plaintiff) filed his AMENDED COMPLAINT (Doc. 9) (Amended Complaint) alleging constitutional violations and bringing claims under 42 U.S.C. § 1983 against Defendants the City of Albuquerque, Albuquerque Police Department (APD) Lieutenant David Gonzales (Defendant Gonzales), and APD Officer Jonathan O'Guin (Defendant O'Guin, improperly named as J. O'Guinn). Plaintiff's claims arise from an alleged assault on his person by Defendant Gonzales and Defendant O'Guin. Because Plaintiff failed to allege that a City of Albuquerque policy or custom was the moving force behind the constitutional deprivations allegedly committed by City of Albuquerque employees, the Court sua sponte dismissed Plaintiff's claims against the City of Albuquerque without prejudice, in accordance with 28 U.S.C. § 1915(e)(2)(ii).[1] Remaining Defendants Gonzales and O'Guin now ask the Court to dismiss Plaintiff's claims against them as well, asserting

---

[1] *See* MEMORANDUM OPINION AND ORDER DISMISSING CLAIMS AGAINST CITY OF ALBUQUERQUE (Doc. 11).

1

insufficient process and improper service.[2] The Motion is fully briefed.[3] The Court will deny the Motion.

I.  **BACKGROUND**[4]

On April 19, 2019, soon after Plaintiff filed his Amended Complaint, Summonses were issued to the City of Albuquerque, Defendant Gonzales, and Defendant O'Guin. The United States Marshals Service (USMS) served these Summonses because Plaintiff is proceeding pro se. However, Plaintiff filled out the Summonses and addressed the envelopes, which were then sent through certified mail by the USMS. Doc. 15-1, 15-2, 15-3. The Summons to Defendant Gonzales contained a case caption naming Plaintiff, Defendant Gonzales, and the City of Albuquerque, but not naming Defendant O'Guin. Doc. 15-1. It was directed to Defendant Gonzales at the APD street address, and then listed this same APD street address again in the section where it should have contained the name and address of Plaintiff. *Id.* Similarly, the Summons to Defendant O'Guin contained a case caption naming Plaintiff, Defendant O'Guin, and the City of Albuquerque, but not naming Defendant Gonzales. Doc. 15-2. It was directed to Defendant O'Guin at the APD street address, and then listed this same APD street address again in the section below, where it should have contained the name and address of Plaintiff. *Id.* Both Summonses were sent via certified mail, but the envelope was addressed only to APD, and not specifically to either Defendant Gonzales or Defendant O'Guin. Doc. 15-3. Defendants were served on May 13, 2019, and the Summonses were returned executed on May 28, 2019. *See* Docs. 13 & 14. The returns of service state that the certified mail envelope was accepted by

---

[2] *See* DEFENDANTS GONZALES AND O'GUIN'S MOTION TO DISMISS PLAINTIFF'S ACTION WITH PREJUDICE (Doc. 15) (Motion).
[3] *See* RESPONS [sic] TO MOTION TO DISMISS (Doc. 16) (Response); DEFENDANTS GONZALES AND O'GUIN'S REPLY TO PLAINTIFF'S "RESPONS [sic] TO MOTION TO DISMISS" (Doc. 17) (Reply).
[4] Facts recited are taken from the Complaint or from documents of which the Court may take judicial notice, and are viewed in the light most favorable to Plaintiff. *See Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008) (In resolving a motion to dismiss, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." (internal quotation marks omitted)).

Angela Langley, APD Receptionist. *Id.* Defendant Gonzales and Defendant O'Guin do not deny that they received actual notice of Plaintiff's claims against them, but they nevertheless contend that Plaintiff's suit must be dismissed due to errors in the content of the Summonses and in the method of their delivery.

## II. LEGAL STANDARD

The Court has jurisdiction under 28 U.S.C. §§ 1343 and 1331 because Plaintiff brings civil rights claims under federal law. In evaluating a motion to dismiss, the Court takes all allegations of material fact in the Amended Complaint as true and construes them in the light most favorable to the nonmoving party. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). The Court will not consider materials outside of the pleadings when resolving a motion to dismiss, other than those referenced in the Complaint and central to Plaintiff's claim, or court documents of which the Court may take judicial notice. *See Pace*, 519 F.3d at 1072–73 (In deciding a motion to dismiss, district courts may properly consider documents referred to in the complaint and central to the plaintiff's claim, and may take judicial notice of adjudicative facts.); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). Because Defendants' Motion is based on procedural error, the Court will take judicial notice of the court documents relevant to the service of process in this case. "Plaintiff bears the burden of establishing validity of service." *Silver v. Hamrick & Evans, LLP*, No. CV 18-416 JAP/JHR, 2018 WL 3801249, *2 (D.N.M. Aug. 9, 2018) (citing *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992)).

3

## III. DISCUSSION

Defendant Gonzales and Defendant O'Guin were served on May 13, 2019, by certified mail. However, they assert that the Summonses were facially defective and improperly delivered, warranting dismissal. Federal Rule of Civil Procedure 12(b)(4) allows a motion to dismiss due to insufficient process, and relates to the content of the summons itself, while Rule 12(b)(5) authorizes a motion to dismiss for insufficient service of process and applies to the delivery of the summons. Fed. R. Civ. P. 12(b)(4), 12(b)(5).

The proper content of a valid summons is specified in Rule 4(a)(1):

A summons must:
(A) name the court and the parties;
(B) be directed to the defendant;
(C) state the name and address of the plaintiff's attorney or--if unrepresented--of the plaintiff;
(D) state the time within which the defendant must appear and defend;
(E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
(F) be signed by the clerk; and
(G) bear the court's seal.

Defendants argue that Plaintiff failed to comply with subsection (A) because he did not include the names of both individual defendants on the Summonses, instead writing in only the City of Albuquerque and the particular defendant for whom that Summons was intended. Defendants also maintain that Plaintiff violated subsection (C) by listing the APD address in the section intended for the name and address of the plaintiff or the plaintiff's attorney, and failing to include his own name and address.

Further, Defendants contend that the facially invalid Summonses were then improperly served. Under Rule 4(e), service must be made (1) according to state law; or by delivery (2) to the individual personally; (3) to the individual's dwelling, or (4) to an authorized agent. New Mexico state law allows service by mail, but it requires that the

envelope be addressed to the named defendant and accepted by the defendant personally or by an authorized agent. Rule 1-004(E)(3), (F)(1)(b) NMRA. Defendants argue that service was insufficient because the envelope was not addressed to the named defendants and because the receipt for the envelope containing the Summonses was not signed by the named defendants or by an agent authorized to accept service.

Plaintiff does not attempt to prove that the Summonses and service were valid. Instead, Plaintiff says that he filled out the Summonses to the best of his knowledge, and he denies responsibility for the manner in which the USMS served the Defendants. Although it appears that the United States Marshals Service mailed the Summonses to Defendant Gonzales and Defendant O'Guin, it was Plaintiff himself who filled out the Summonses and addressed the envelopes. A summons must name the parties and include the name and address of the plaintiff or the plaintiff's attorney. Rule 4(a)(1). New Mexico law does allow service by mail, but the envelope must be addressed to the named defendant and accepted by the named defendant or an authorized agent. *See* Rule 1-004(E)(3), (F)(1)(b). The Court will liberally construe the pleadings of a pro se litigant, but "pro se parties [must] follow the same rules of procedure that govern other litigants." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) (internal quotation marks omitted). Consequently, the Court concludes that Plaintiff has failed to meet his burden to prove effective service. *See Lasky v. Lansford*, 76 F. App'x 240, 241-42 (10th Cir. 2003) (unpublished) (affirming the district court's decision that a plaintiff had not met his burden when he asserted that service had been properly effected but presented no evidence in support of his statements).

"Where a plaintiff does not meet this burden, a court may dismiss for failure to properly serve." *Martinez v. CitiMortgage, Inc.*, 347 F.Supp.3d 677, 686 (D.N.M. 2018) (citing *Lasky*, 76 F. App'x at 240-41). Defendant Gonzales and Defendant O'Guin ask the Court to dismiss

Plaintiff's action with prejudice, but they provide no argument or justification for that sanction. "[D]ismissal with prejudice constitutes a harsh, disfavored remedy when requested at the motion to dismiss stage." *Barker v. Sunrun Inc.*, No. CV 18-855 KG/LF, 2019 WL 1983291, *4 (D.N.M. Apr. 29, 2019). Even a dismissal without prejudice is generally inappropriate when Defendants received notice of the suit and have not demonstrated actual prejudice. *See Martinez*, 347 F.Supp.3d at 686-87 (defects in the form of summons are considered technical and do not justify dismissal unless a defendant demonstrates actual prejudice).

"'Motions under Federal Rules 12(b)(4) and 12(b)(5) differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action -- quashing the process without dismissing the action -- other than simply dismissing the case when the defendant's defense or objection is sustained.'" *Id.* (quoting 5B C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 346 (3d ed. 2004)). The Court has discretion to dismiss the action if proper service appears unlikely, but "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1354, at 586-87 (1969)).

The Court sees no reason proper service cannot be instituted here, especially since Plaintiff is proceeding *in forma pauperis*. *See* Doc. 6. Under Rule 4(c)(3), the Court must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915." *See also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases"); *Olsen v. Mapes*, 333 F.3d 1199,

1204 n.4 (10th Cir. 2003). The Court did not previously order service because Plaintiff had not provided the Court with Defendants' addresses. *See* Doc. 6. "It is the plaintiff's responsibility to provide the [USMS] with the address of the person to be served[.]" (citation omitted). *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007). However, Plaintiff provided the Court with an address for Defendant Gonzales and Defendant O'Guin by including in the Summonses the address for APD, Defendants' employer. *See* Docs. 13, 14, 15-1, 15-2. There are no allegations that Defendants are no longer employed by APD or that neither they nor their authorized agent can be located at the APD address. Plaintiff is therefore "entitled to rely on service by the U.S. Marshal." *Olsen*, 333 F.3d at 1204.

Additionally, because Plaintiff filed his original Complaint (Doc. 1) on March 28, 2019, his time for service has not yet expired. *See* Rule 4(m) (allowing 90 days to complete service); *Bolden v. City of Topeka*, 441 F.3d 1129, 1149 (10th Cir. 2006) (time period set by Rule 4(m) begins with the "filing of the first version of the complaint naming the particular defendant to be served."). On June 11, 2019, while Defendants' Motion to Dismiss was pending, the Court issued new Summonses as to Defendant Gonzales and Defendant O'Guin at Plaintiff's request. Accordingly, the Court concludes that Plaintiff may still properly serve Defendants and should be given the opportunity to do so.

IT IS ORDERED that:

(1) DEFENDANTS GONZALES AND O'GUIN'S MOTION TO DISMISS PLAINTIFF'S ACTION WITH PREJUDICE (Doc. 15) is DENIED; and

(2) The time for service is extended 90 days from the date of entry of this Order.

*[signature: James A. Parker]*
SENIOR UNITED STATES DISTRICT JUDGE